IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:14CR378 |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| FRANCISCO R. DELRIO, | |
| Defendant. | |

This matter is before the court on movant's (hereinafter, defendant's) pro se motion to vacate under 28 U.S.C. § 2255, Filing No. 44. A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. After such a motion is filed, the court must "promptly examine" it and then "dismiss" it if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rule 4(b) of the Rules Governing Section 2255 Proceedings.[1]

The defendant seeks relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is

---

[1] That rule provides:

The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. The ACCA sets a statutory minimum sentence for a felon with three or more prior convictions for a violent felony. 18 U.S.C. § 924(e). The residual clause defines a violent felony as any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has also found "that *Johnson* is retroactive in cases on collateral review[.]" *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

This court's general order appoints the Federal Public Defender for the District of Nebraska or one of his delegates under the Criminal Justice Act

> to represent any defendant who was previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for federal habeas relief under 28 U.S.C. § 2255 in light of *Johnson*, and to present any petitions, motions or applications relating thereto to the Court for disposition.

*See* General Order No. 2016-07, In Re Petitions Arising Under <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The defendant asserts that he may qualify for such relief. The court finds a hearing on the matter would benefit the court in determining counsels' respective positions on the motion. Accordingly,

IT IS HEREBY ORDERED:

1. A hearing on the matter is scheduled for November 21, 2016 at 11:00 a.m. in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, NE before Senior Judge Joseph F. Bataillon.

Dated this 5th day of July, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge