IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>FRANCISCO R. DELRIO,<br><br>    Defendant. | 8:14CR378<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on its own motion in response to appointed counsel's showing on the issue of applicability of *Hughes v. United States*, 138 S. Ct. 1765 (2018), on the defendant's sentence. The defendant contends he is entitled to a two-level reduction of his sentence under *Hughes*. Filing No. 55, Motion for Appointment of Counsel at 2. The Court appointed counsel to address the applicability of the *Hughes* case, and will construe his motion for appointment of counsel as a motion to correct his sentence.

  Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), defendant Francisco Delrio entered a plea of guilty to a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm. Filing No. 35, Plea Agreement. In the Presentence Investigation Report (PSR"), the Probation Office applied a two-level upward adjustment because Delrio had two prior convictions for either a controlled substance offense or a crime of violence, and therefore set Delrio's offense level at 24 under U.S.S.G. § 2K2.1(a)(2). Filing No. 37, PSR (Sealed) at 7. Those prior convictions

1

were a conviction in this Court for possession with intent to deliver methamphetamine and a conviction in state court for third-degree burglary.  *Id.*  After an upward adjustment for a stolen firearm and a downward adjustment for acceptance of responsibility, Delrio's total offense level was 23.  *Id.* at 9.  Delrio's prior convictions resulted in the assessment of 15 criminal history points, which placed him in Criminal History Category VI and resulted  resulting in a guideline range of 92 to 115 months.  *Id.* at 9-14.  The Court approved the below-Guidelines binding plea agreement and sentenced Delrio to 80 months imprisonment, stating that the agreed-upon sentence was "based on the defendant's role in the offense, criminal history and acceptance of responsibility."  *Id.*  Filing No. 39, Judgment; Filing No. 41, Statement of Reasons (Sealed).

Delrio later sought relief from his sentence under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Filing No. 44.  In *Johnson*, the Supreme Court held that the residual-clause definition of a violent felony in the Armed Career Criminal Act ("ACCA"), which was then identical to the Guidelines definition, was unconstitutionally vague.  *See Johnson*, 135 S. Ct. at 2563.  While Delrio's § 2255 motion was pending, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886, 892-93 (2017), refusing to extend the holding in *Johnson* to sentences based on the Guidelines rather than on a statutory mandatory minimum sentence.  The Supreme Court held that because the Sentencing Guidelines are merely advisory, they are not subject to a Constitutional void-for-vagueness challenge.  *Id.* at 894-95.  Delrio then withdrew his *Johnson* motion, after consultation with counsel.  Filing No. 52, Motion to Dismiss, Filing No. 53 Consent to Dismissal.

In *Hughes*, the Supreme abrogated several cases and found that a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is "based on" the defendant's Sentencing Guidelines range, so as to be eligible for a sentence reduction based on a subsequently amended Guideline provision under 18 U.S.C. § 3582(c)(2), if the Guidelines was the framework the district court relied on in imposing the sentence or accepting the agreement. *Hughes*, 138 S. Ct. at 1776; *see also Dillon v. United States*, 560 U.S. 817, 821 (2010) (recognizing that a motion under section 3582(c)(2) authorizes a court to reduce a defendant's term of imprisonment "[w]hen the Commission makes a Guidelines amendment retroactive"). Under *Hughes*, except in limited circumstances where it is clear the court would have imposed the same sentence regardless of the Guidelines, a defendant who has a Rule 11(c)(1)(C) agreement will be eligible for relief if a Guideline provision is retroactively lowered. *Hughes,* 138 S. Ct. at 1776.

In 2016, the Sentencing Commission determined that the upward adjustment for a prior conviction for a crime of violence in § 4B1.2 of the Guidelines implicates many of the same concerns the Supreme Court addressed in *Johnson*, and it amended §4B1.2 to strike the residual clause and deleted "burglary of a dwelling" from the list of enumerated offenses.[1] U.S. Sentencing Guidelines Manual app. C, amend. 798 (U.S. Sentencing Comm'n Supp. Nov. 1, 2016). The "crime of violence" definition at § 4B1.2 is used to

---

[1] At the same time the Sentencing Commission added an upward departure provision to §4B1.2 to address "the unusual case in which the instant offense or a prior felony conviction was any burglary offense involving violence that did not otherwise qualify as a "crime of violence," noting courts were allowed to consider all burglary offenses, as opposed to just burglaries of a dwelling, and could depart upwardly where a defendant would have received a higher offense level, higher Criminal History Category, or both (e.g., where the defendant would have been a career offender) if such burglary had qualified as a "crime of violence." U.S. Sentencing Guidelines Manual app. C, amend. 798. The Commission estimated that removing the enumerated offense would result in only about five percent of offenders sentenced for firearms offenses under U.S.S.G. § 2K2.1. Accordingly, it is unclear whether the defendant would have benefitted from the Amendment even if it were applicable.

trigger increased sentences under several provisions in the Guidelines Manual, including § 2K2.1 (firearms offenses). *Id.* However, the amendment was specifically not made retroactive. *United States v. Adkins*, 883 F.3d 1207, 1212-13 (9th Cir. 2018) (characterizing the amendment as a substantive change to the Guidelines rather than a clarification); *see also* U.S.S.G. § 1B1.10(d) (omitting Amendment 798 from list of retroactive guideline amendments in subsection (d)); *United States v. Godin*, 522 F.3d 133, 135 (1st Cir. 2008) (*per curiam*) ("The Sentencing Commission's decision not to make [an] amendment retroactive means the defendant is not entitled, under the procedure set forth in 18 U.S.C. § 3582(c)(2), to further proceedings in which the district court . . . may choose to adjust the sentence employing the more lenient amendment to calculate the guideline range.").

Nevertheless, the Court finds that under *Hughes*, Delrio's sentence was "based on" the Guidelines. In the plea agreement, the parties used Guidelines terminology, stating the sentence was based on the defendant's "role in the offense, criminal history and acceptance of responsibility." Filing No. 35, Plea Agreement at 3. The Court used the Guidelines calculation as a baseline when considering whether to accept the parties' agreement. The Court noted in its Statement of Reasons ("SOR") that the sentence represents a variance from the Guidelines calculation. Filing No. 41 (sealed). Therefore, Delrio's sentence was "based on" the Sentencing Guidelines.

The defendant acknowledges, however, that there have been no retroactive changes to U.S.S.G. § 2K2.1 that would entitle him to a reduction in sentence. In his motion for appointment of counsel, Delrio relied on Amendment 782, but that provision involves drug quantity under U.S.S.G. § 2D1.1, and is not applicable. Although Delrio's

4

offense level was enhanced due to a prior "crime of violence" and that Guideline definition has changed, the change has not been made retroactive. The defendant also acknowledges that there are no other changes to the current Guidelines that would trigger a potential sentence reduction under § 3582(c). The Court notes, however, that should the Guidelines amendment become retroactive, Delrio could be entitled to a reduction because his sentence was "based on the Guidelines." Accordingly,

**IT IS ORDERED THAT:**

1. Defendant's motion to correct his sentence is denied, without prejudice to reassertion on a retroactive change to the Sentencing Guidelines.

Dated this 7th day of April, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge